UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CARLA KASHUBA,

        Plaintiff,

   v.                                                                                  20-CV-1629-LJV-LGF
                                                                                                DECISION & ORDER
WILLIAM N. CAPICOTTO, M.D., P.C., *et al.*,

        Defendants.
_____

      On November 5, 2020, the defendants, William N. Capicotto, M.D., P.C., and Dr. William N. Capicotto, M.D., removed this case to this Court from New York State Supreme Court, Erie County.  Docket Item 1.  A week later, the defendants moved to dismiss plaintiff Carla Kashuba's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and her claims for negligent supervision and negligence.  Docket Item 3.  On December 18, 2020, Kashuba responded to the motion to dismiss, and on December 22, 2020, the defendants replied.  Docket Items 6, 7.

      A few weeks later, in January 2021, this Court referred this case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).  Docket Item 8.  On May 27, 2022, Judge Foschio issued a Report and Recommendation ("R&R") finding that the defendants' motion to dismiss should be granted.  Docket Item 10.  The parties did not object to the R&R, and the time to do so now has expired.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

      A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must

review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Foschio's R&R as well as the parties' submissions to him. Based on that review and the absence of any objections, the Court accepts and adopts Judge Foschio's recommendation to dismiss Kashuba's Title VII claims because Kashuba failed to exhaust her administrative remedies. *See* Docket Item 10 at 9. Likewise, the Court accepts and adopts Judge Foschio's recommendation to dismiss Kashuba's negligent supervision and negligence claims because they "are barred by the exclusive remedy provision of New York's Workers' Compensation Law." *See id.* at 10. And the Court agrees with Judge Foschio that all those claims should be dismissed without leave to amend. *See id.* at 11-12.

Kashuba asserted that her failure to exhaust should be excused because exhaustion would be futile, but she offered nothing other than her *ipse dixit* to support that assertion. Docket Item 6 at 5-6. Kashuba argued that her negligent supervision and negligence claims were not barred by the exclusive Workers' Compensation Law remedy because the defendants' conduct may have been "an intentional tort or wrong," *id*. at 3-5, but as Judge Foschio observed, negligence "by definition, [is] not [a] claim[] based on intentional conduct," *see* Docket Item 10 at 10. And as Judge Foschio also

2

observed, there is no reason to believe that the plaintiff might correct those obvious and basic pleading deficiencies in an amended complaint. *Id.* at 11-12.

For the reasons stated above and in the R&R, the defendants' motion to dismiss, Docket Item 3, is GRANTED. Kashuba's Title VII, negligent supervision, and negligence claims are dismissed without leave to amend. The case is referred back to Judge Foschio for further proceedings consistent with the referral order of January 11, 2021, Docket Item 8.

SO ORDERED.

Dated: June 28, 2022
Buffalo, New York

      */s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE